UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM MARTIN ARDENE DECORY, Petitioner, vs. CRAIG A. PFIEFLE, PRESIDING JUDGE; Respondent. | 5:23-CV-05039-KES ORDER TO SHOW CAUSE |

Petitioner, William DeCory, a pretrial detainee[1] at the Pennington County Jail, filed a pleading captioned as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

**FACTUAL INFORMATION and BACKGROUND**

On February 19, 2021, William DeCory was indicted in the District of South Dakota for Possession of a Firearm by a Prohibited person, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). United States v. DeCory, 5:21-cr-50042-2 (D.S.D) (Doc. 1). DeCory was brought into federal custody from state court custody, pursuant to a writ of habeas corpus *ad prosequendum*. Id. at Docs. 5-6. DeCory's initial appearance, arraignment, and detention hearing was held

---

[1] A review of the South Dakota Unified Judicial System ecourts website shows that at the time DeCory filed this action, he had pending state court charges. On September 1, 2023, DeCory pled guilty to Simple Assault on a Law Enforcement/Public Officer in Jail, in violation of SDCL 22-18-1(1), SDCL 22-18-1.05, and SDCL 22-6-5.1. DeCory was sentenced to 320 days of jail time with credit for 320 days. On October 19, 2023, DeCory appealed to the South Dakota Supreme Court. State of South Dakota v. William Martin Ardene DeCory, Seventh Judicial Circuit, CRI 21-2230. It appears that as of the date of this order, DeCory is no longer in the custody of the Pennington County Jail.

1

- DeCory v. Pfiefle, 5:21-cv-5051-CBK[3]

- DeCory v. Monument Health Hospital et al, 5:21-cv-5055-CBK[4]

- DeCory v. Commission of Social Security et al; 5:21-cv-5064-CBK[5]

- Decory v. State of South Dakota, et al, 22-cv-5093-RAL[6]

- DeCory v. United States of America, 23-cv-5015-CBK[7]

- DeCory v. South Dakota Dep't of Social Services, et al., 23-cv-5052-CBK[8]

- DeCory v. Regional Health Hospital, 23-cv-5062-CBK[9]

- DeCory v. Darin Young, 4:19-cv-04005-RAL[10]

---

[3] Decory filed a complaint under 42 U.S.C. § 1983 against South Dakota Circuit Court Judge Craig A. Pfeifle, which was dismissed for failure to state a claim. Judge Kornmann "determined that this matter is frivolous and fails to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under the PLRA." (Doc. 18 at p. 3)

[4] Decory filed a complaint under 42 U.S.C. § 1983. Decory was ordered to pay the filing fee or submit a proper motion to proceed in forma pauper. Forms and instructions for doing so were provided to DeCory. On April 28, 2022, Judge Kornmann dismissed the complaint for failure to prosecute because DeCory failed to comply with the Court's order. (Doc. 12). Decory motioned to reopen the case, which was denied. (Docs. 28, 34). After being expressly told that the case is closed, Decory filed two motions to appoint counsel. (Docs. 35, 36).

[5] Decory filed a Social Security Appeal requesting a review of Disability Insurance Benefits payments. (Doc. 1). Decory's claim was dismissed, without prejudice, for failure to either pay the filing fee or move for in forma pauperis status. (Doc. 10).

[6] Decory filed a petition for writ of habeas corpus. He did not indicate whether his petition was pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. The Court determined that it plainly appears that DeCory is not entitled to relief under § 2254 or § 2241.

[7] Decory filed a complaint under 42 U.S.C. § 1983. Judge Kornmann found "[c]onstruing plaintiff's complaint liberally, plaintiff's complaint is frivolous and fails to state a claim upon which relief could be granted." (Doc. 6 at p. 3). It was ordered that the "dismissal constitutes a first strike pursuant to 28 U.S.C. § 1915(g)." Id.

[8] Decory filed a complaint under 42 U.S.C. § 1983. This motion has not yet been ruled upon.

[9] Decory filed a complaint under 42 U.S.C. § 1983. This motion has not yet been ruled upon.

[10] Decory filed a complaint under 28 U.S.C. § 2254 against Darin Young, Warden of the South Dakota State Penitentiary. (Doc. 7). The claim was dismissed, without prejudice, for failure to present his claim to the state court for adjudication.

3

Close, 540 U.S. 749, 750 (2004). If success in a civil rights suit would necessarily invalidate a plaintiff's sentence or conviction, then the plaintiff cannot pursue the civil rights action until he or she has the sentence or conviction invalidated. Id. (citing Heck v. Humphrey, 512 U.S. 477 (1994)). Each type of lawsuit has standards for initial review. A habeas corpus petition is analyzed under 28 U.S.C. § 2255, whereas a civil rights lawsuit is analyzed under 28 U.S.C. § 1915A.

### A. 2241 Petitions

In the Eighth Circuit, relief under 28 U.S.C. § 2241 is only available to prisoners in *federal* custody or in state custody awaiting a judgment of conviction, i.e. if the inmate is on pretrial detention or awaiting extradition. A petitioner may bring a habeas petition only to challenge "the validity of his conviction or the length of his detention" and may not seek habeas relief related to the conditions of his confinement. Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014) (quotation omitted).

The Eighth Circuit states categorically that the exclusive vehicle for habeas relief for prisoners in the custody of a *state* is 28 U.S.C. § 2254. See Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir. 2003); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001). "A person in custody pursuant to the judgment of a State court" can only obtain habeas relief through § 2254, no matter how his pleadings are styled. Crouch, 251 F.3d at 723. Also, a § 2241 petitioner must exhaust administrative remedies before filing. See Mathena v.

custody in describing the writ available. Id. at pp. 785–87. Also, an interpretation which held § 2241 to be a completely separate alternative to § 2254 would render § 2254 a nullity: if a state prisoner had the option of (A) filing a § 2241 petition subject to no restrictions or conditions precedent, or (B) filing pursuant to § 2254 with all its attendant restrictions and conditions, no state prisoner would ever choose to file under § 2254. Id. That, also, could not have been Congress' intent in enacting § 2241. Id.; see also In re Wright, 826 F.3d 774, 781 (4th Cir. 2016) (following Thomas and stating if a state prisoner could opt out of the operation of § 2254 by merely relabeling his petition, § 2254 would be a "dead letter").

    A state prisoner cannot escape the restrictions of § 2254 by filing a habeas petition under § 2241, but he can file a petition under § 2241. However, that petition will still be subject to all the same rules as to exhaustion, statute of limitations, and standard of review that apply under § 2254.

    **B. 2254 Petitions**

    A person incarcerated by a state who believes he is imprisoned in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500, (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus.").

in violation of federal law, or "that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Relief is available only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure."

### D. 1983 Actions

Section 1983 authorizes constitutional claims against state officials; similar claims may be brought against federal officials in the absence of a statutory cause of action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, a plaintiff asserting a violation of his civil rights under § 1983 or through a Bivens action must adequately plead that each Government-official defendant took individual actions to deprive the plaintiff of a constitutional right. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Additionally, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 lawsuit would necessarily imply the invalidity of the prisoner's conviction or the length of the

9

28 U.S.C. § 2255. Id. at p. 4. In the attachment to the petition, DeCory states the relief he seeks is an "adjusted shared net income with the defendants revenue in an amount of $50 Billion Dollars in annuitie [sic] payments . . . And also 150 (lb)[pounds] of gold. . ." Id. at Doc. 1-1, p. 3. Approximately one month later, DeCory filed a pleading entitled "Injunctive Relief" which requests, "injunctive relief to reward, William DeCory with just compensation in cost-reimbursement in the total dollar amount of $876.5 billion dollars." Id. at Doc. 5, p. 2.

## CONCLUSION AND ORDER TO SHOW CAUSE

As noted above, a petitioner is not entitled to damages through habeas relief.

If DeCory is seeking damages, he must file a Complaint, presumably pursuant to 18 U.S.C. § 1983, and pay the required $405 filing fee.[11] DeCory is cautioned that if his Complaint is dismissed as frivolous, it will count as a strike against him.

If DeCory is seeking habeas relief to be released from custody, he must refile his habeas petition and clarify the legal basis for which he is entitled to relief.

---

[11] If DeCory would like the court to consider his § 1983 case without prepayment of the filing fee, he must accompany his Complaint with a motion for leave to proceed in forma pauperis, along with an updated prisoner trust account or financial affidavit.

11

If DeCory fails to elect whether his action is one for habeas relief or an action for civil damages within thirty (30) days, the court will recommend that the above captioned case be dismissed.

DATED this 26th day of January, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge

12