UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM MARTIN ARDENE DECORY,<br><br>Petitioner,<br><br>vs.<br><br>CRAIG A. PFIEFLE, PRESIDING JUDGE;<br><br>Respondent. | 5:23-CV-05039-KES<br><br><br>ORDER TO SHOW CAUSE |

Petitioner, William DeCory, a pretrial detainee[1] at the Pennington County Jail, filed a pleading captioned as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

**FACTUAL INFORMATION and BACKGROUND**

On February 19, 2021, William DeCory was indicted in the District of South Dakota for Possession of a Firearm by a Prohibited person, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2).  United States v. DeCory, 5:21-cr-50042-2 (D.S.D) (Doc. 1).  DeCory was brought into federal custody from state court custody, pursuant to a writ of habeas corpus *ad prosequendum*.  Id. at Docs. 5-6.  DeCory's initial appearance, arraignment, and detention hearing was held

---

[1] A review of the South Dakota Unified Judicial System ecourts website shows that at the time DeCory filed this action, he had pending state court charges.  On September 1, 2023, DeCory pled guilty to Simple Assault on a Law Enforcement/Public Officer in Jail, in violation of SDCL 22-18-1(1), SDCL 22-18-1.05, and SDCL 22-6-5.1.  DeCory was sentenced to 320 days of jail time with credit for 320 days. On October 19, 2023, DeCory appealed to the South Dakota Supreme Court.  State of South Dakota v. William Martin Ardene DeCory, Seventh Judicial Circuit, CRI 21-2230.  It appears that as of the date of this order, DeCory is no longer in the custody of the Pennington County Jail.

1

on February 26, 2021.  DeCory was appointed CJA counsel.  Id. at Doc. 9.

Decory was detained in federal custody pending trial.  Id.  DeCory's trial was

delayed due to competency issues.  Id. at Docs. 38, 40, 51, 53, 54.  On June 4,

2021, a stipulation was filed by the parties stating that, "Mr. Decory should be

committed in accordance with 18 U.S.C. § 4241(d)(1) to the custody of the

Attorney General of the United States for further evaluation and treatment in a

suitable federal medical facility."  Id. at Doc. 52.  While in treatment, DeCory

filed numerous *pro se* motions seeking various forms of relief, to-wit: release

from custody, dismissal of the pending federal charges, dismissal of pending

state court charges, and request for replacement counsel.  DeCory's motions

were unsuccessful.  For the reasons stated in the letter dated November 1,

2023, from the Bureau of Prisons, DeCory's treatment ended and he was to be

returned to South Dakota for the disposition of his federal criminal charges.

Id. at Doc. 137.  On November 4, 2022, the United States moved to dismiss the

federal indictment without prejudice.  Id. at Doc. 138.  The district court

granted the motion and exonerated DeCory from the provisions of the detention

order.  Id. at Doc. 139.  Presumably, DeCory was returned to state court

custody to address his pending state court charges.

While the above federal criminal case was pending and after the case was

dismissed, DeCory filed a number of actions in Federal Court for the District of

South Dakota.[2]  Those cases are as follows:

---

[2] DeCory also filed cases in the District of South Dakota prior to the federal criminal charges.
See 5:15-cv-5014-JLV, 4:19-cv-4005-RAL, and 4:19-cv-4004-LLP

2

- DeCory v. Pfiefle, 5:21-cv-5051-CBK[3]

- DeCory v. Monument Health Hospital et al, 5:21-cv-5055-CBK[4]

- DeCory v. Commission of Social Security et al; 5:21-cv-5064-CBK[5]

- Decory v. State of South Dakota, et al, 22-cv-5093-RAL[6]

- DeCory v. United States of America, 23-cv-5015-CBK[7]

- DeCory v. South Dakota Dep't of Social Services, et al., 23-cv-5052-CBK[8]

- DeCory v. Regional Health Hospital, 23-cv-5062-CBK[9]

- DeCory v. Darin Young, 4:19-cv-04005-RAL[10]

[3] Decory filed a complaint under 42 U.S.C. § 1983 against South Dakota Circuit Court Judge Craig A. Pfeifle, which was dismissed for failure to state a claim. Judge Kornmann "determined that this matter is frivolous and fails to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under the PLRA." (Doc. 18 at p. 3)

[4] Decory filed a complaint under 42 U.S.C. § 1983. Decory was ordered to pay the filing fee or submit a proper motion to proceed in forma pauper. Forms and instructions for doing so were provided to DeCory. On April 28, 2022, Judge Kornmann dismissed the complaint for failure to prosecute because DeCory failed to comply with the Court's order. (Doc. 12). Decory motioned to reopen the case, which was denied. (Docs. 28, 34). After being expressly told that the case is closed, Decory filed two motions to appoint counsel. (Docs. 35, 36).

[5] Decory filed a Social Security Appeal requesting a review of Disability Insurance Benefits payments. (Doc. 1). Decory's claim was dismissed, without prejudice, for failure to either pay the filing fee or move for in forma pauperis status. (Doc. 10).

[6] Decory filed a petition for writ of habeas corpus. He did not indicate whether his petition was pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. The Court determined that it plainly appears that DeCory is not entitled to relief under § 2254 or § 2241.

[7] Decory filed a complaint under 42 U.S.C. § 1983. Judge Kornmann found "[c]onstruing plaintiff's complaint liberally, plaintiff's complaint is frivolous and fails to state a claim upon which relief could be granted." (Doc. 6 at p. 3). It was ordered that the "dismissal constitutes a first strike pursuant to 28 U.S.C. § 1915(g)." Id.

[8] Decory filed a complaint under 42 U.S.C. § 1983. This motion has not yet been ruled upon.

[9] Decory filed a complaint under 42 U.S.C. § 1983. This motion has not yet been ruled upon.

[10] Decory filed a complaint under 28 U.S.C. § 2254 against Darin Young, Warden of the South Dakota State Penitentiary. (Doc. 7). The claim was dismissed, without prejudice, for failure to present his claim to the state court for adjudication.

3

## **DISCUSSION**

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007) (quoting FED. R. CIV. P. 8(a)(2)). A habeas petition does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at p. 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). There is also a "plausibility standard" which "requires a [petition] with enough factual matter (taken as true)" to support the conclusion that the petitioner has a valid claim. Id. at p. 556. The petitioner's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. Id.

The Court is obligated to screen petitions pursuant to 1915(e)(2) to determine whether the action 1) is frivolous or malicious; 2) fails to state a claim on which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief.

## I.     **Differences Between Habeas Actions and 1983 Actions**

There are two primary methods for a prisoner to seek relief in federal court: an action concerning the legality or duration of a sentence or conviction is a habeas action (28 U.S.C. §§ 2241, 2254, 2255), or an action concerning the actual conditions of confinement is a civil rights suit, under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. See Muhammad v.

Close, 540 U.S. 749, 750 (2004).  If success in a civil rights suit would

necessarily invalidate a plaintiff's sentence or conviction, then the plaintiff

cannot pursue the civil rights action until he or she has the sentence or

conviction invalidated.  Id. (citing Heck v. Humphrey, 512 U.S. 477 (1994)).

Each type of lawsuit has standards for initial review.  A habeas corpus petition

is analyzed under 28 U.S.C. § 2255, whereas a civil rights lawsuit is analyzed

under 28 U.S.C. § 1915A.

### A. 2241 Petitions

In the Eighth Circuit, relief under 28 U.S.C. § 2241 is only available to

prisoners in *federal* custody or in state custody awaiting a judgment of

conviction, i.e. if the inmate is on pretrial detention or awaiting extradition.  A

petitioner may bring a habeas petition only to challenge "the validity of his

conviction or the length of his detention" and may not seek habeas relief

related to the conditions of his confinement.  Spencer v. Haynes, 774 F.3d 467,

469–70 (8th Cir. 2014) (quotation omitted).

The Eighth Circuit states categorically that the exclusive vehicle for

habeas relief for prisoners in the custody of a *state* is 28 U.S.C. § 2254.  See

Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir. 2003); Crouch v. Norris,

251 F.3d 720, 723 (8th Cir. 2001).  "A person in custody pursuant to the

judgment of a State court" can only obtain habeas relief through § 2254, no

matter how his pleadings are styled.  Crouch, 251 F.3d at 723.  Also, a § 2241

petitioner must exhaust administrative remedies before filing.  See Mathena v.

United States, 577 F.3d 943, 946 (8th Cir. 2009); United States v. Thompson, 297 Fed. Appx. 561, 562 (8th Cir. 2008).

In Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004), a state prisoner filed a § 2241 habeas petition in federal court attacking the Florida Parole Commission's decision concerning his parole eligibility. Thomas, 371 F.3d at 784. The magistrate judge to whom the matter was referred, similar to Eighth Circuit precedent, considered the petition to be a § 2254 petition because the petitioner was in state custody rather than federal. Id. The magistrate judge then recommended dismissal of the petition because the claims had not been exhausted in state court and because some claims were procedurally defaulted. Id. The district court adopted that recommendation. Id. The Eleventh Circuit held that the petition was governed by both § 2241 and § 2254. Id. The Eleventh Circuit explained:

> A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g. a pre-trial bond order, then his petition is not subject to § 2254.

Id. at p. 787.

The Eleventh Circuit held this interpretation of both § 2241 and § 2254 was necessary in order to give full effect to all the language of § 2241(c)(3), mentioned above, which does not distinguish between state and federal

custody in describing the writ available. Id. at pp. 785–87. Also, an interpretation which held § 2241 to be a completely separate alternative to § 2254 would render § 2254 a nullity: if a state prisoner had the option of (A) filing a § 2241 petition subject to no restrictions or conditions precedent, or (B) filing pursuant to § 2254 with all its attendant restrictions and conditions, no state prisoner would ever choose to file under § 2254. Id. That, also, could not have been Congress' intent in enacting § 2241. Id.; see also In re Wright, 826 F.3d 774, 781 (4th Cir. 2016) (following Thomas and stating if a state prisoner could opt out of the operation of § 2254 by merely relabeling his petition, § 2254 would be a "dead letter").

A state prisoner cannot escape the restrictions of § 2254 by filing a habeas petition under § 2241, but he can file a petition under § 2241. However, that petition will still be subject to all the same rules as to exhaustion, statute of limitations, and standard of review that apply under § 2254.

### B. 2254 Petitions

A person incarcerated by a state who believes he is imprisoned in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500, (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus.").

7

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies to § 2254 petitions and constrains federal courts to exercise only a "limited and deferential review of underlying state court decisions." Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005) (citing Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003)). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly. Id. at p. 411. "Rather, that application must also be unreasonable." Id.; Marshall v. Lonberger, 459 U.S. 422, 432 (1983) (A federal habeas court must do "more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair support' in the record.").

### C. 2255 Petitions

28 U.S.C. § 2255 allows a federal prisoner to move to "vacate, set aside or correct" a federal sentence upon the ground that the sentence was imposed

in violation of federal law, or "that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Relief is available only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure."

### D. 1983 Actions

Section 1983 authorizes constitutional claims against state officials; similar claims may be brought against federal officials in the absence of a statutory cause of action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, a plaintiff asserting a violation of his civil rights under § 1983 or through a Bivens action must adequately plead that each Government-official defendant took individual actions to deprive the plaintiff of a constitutional right. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Additionally, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 lawsuit would necessarily imply the invalidity of the prisoner's conviction or the length of the

prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  Id. at pp. 486-87.  This same principle applies when the prisoner challenges the revocation of good time credits.  Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

"Because a prisoner who wins a § 1983 action in federal court for damages or declaratory relief for the unconstitutional deprivation of good time credits thereby establishes an irrefutable claim for early or immediate release under habeas, we hold that in such a case the federal court should stay the § 1983 claim until the plaintiff has satisfied the exhaustion requirement with respect to the underlying constitutional issue."  Offet v. Solem, 823 F.2d 1256, 1258 (8th Cir. 1987).  In Sheldon, however, the Eighth Circuit explained that such claims should be dismissed without prejudice rather than stayed.  Sheldon, 83 F.3d at 234.

## II.    DeCory's Pleadings

DeCory filed his case using a form for a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  United States v. DeCory, 5:23-cv-05039-KES (D.S.D) (Doc. 1).  In the Petition, DeCory states that he is being held by state authorities.  He also states that he seeks a "Writ of Habeas Corpus for a cross-claim on the petitioner U.S.A. in the said Fed. Crim. Indict. #5:21-cr-50042-JLV-2 that was dismissed without prejudice."  Id. at p. 2.  DeCory also states that he is challenging the validity of his conviction or sentence imposed under

10

28 U.S.C. § 2255.  Id. at p. 4.  In the attachment to the petition, DeCory states the relief he seeks is an "adjusted shared net income with the defendants revenue in an amount of $50 Billion Dollars in annuitie [sic] payments . . . And also 150 (lb)[pounds] of gold. . ."  Id. at Doc. 1-1, p. 3.  Approximately one month later, DeCory filed a pleading entitled "Injunctive Relief" which requests, "injunctive relief to reward, William DeCory with just compensation in cost-reimbursement in the total dollar amount of $876.5 billion dollars."  Id. at Doc. 5, p. 2.

### CONCLUSION AND ORDER TO SHOW CAUSE

As noted above, a petitioner is not entitled to damages through habeas relief.

If DeCory is seeking damages, he must file a Complaint, presumably pursuant to 18 U.S.C. § 1983, and pay the required $405 filing fee.[11]  DeCory is cautioned that if his Complaint is dismissed as frivolous, it will count as a strike against him.

If DeCory is seeking habeas relief to be released from custody, he must refile his habeas petition and clarify the legal basis for which he is entitled to relief.

---

[11] If DeCory would like the court to consider his § 1983 case without prepayment of the filing fee, he must accompany his Complaint with a motion for leave to proceed in forma pauperis, along with an updated prisoner trust account or financial affidavit.

If DeCory fails to elect whether his action is one for habeas relief or an action for civil damages within thirty (30) days, the court will recommend that the above captioned case be dismissed.

DATED this 26th day of January, 2024.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge